UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CADDY PRODUCTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GREYSTONE INTERNATIONAL, INC.,<br><br>Defendant. | Civil No. 05-301 (JRT/FLN)<br><br>MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND ALTERNATIVE MOTION TO TRANSFER VENUE |

Dyanna L. Street and Richard G. Jensen, **FABYANSKE, WESTRA, HART & THOMSON, P.A.,** 800 LaSalle Avenue, Suite 1900, Minneapolis, MN 55402, for plaintiff.

Kathleen M Loucks, Timothy J Crocker, and Timothy P Tobin, **GISLASON & HUNTER**, P.O. Box 5297, Hopkins, MN 55343, for defendant.

Defendant moves to dismiss this patent infringement action for lack of personal jurisdiction, or in the alternative, to transfer venue. For the reasons set forth below, the Court denies defendant's motions.

**BACKGROUND**

The underlying dispute involves a movie theater seat armrest. Plaintiff Caddy Products, Inc., ("Caddy") is a Minnesota corporation that manufactures and sells a certain type of armrest on which it holds a patent. Defendant Greystone International, Inc. ("Greystone"), is a Michigan corporation, with its principle place of business in

Michigan, and sells a competing armrest.  Plaintiff claims that Greystone is infringing its armrest patent.

Greystone contends that its contacts with Minnesota are too attenuated to meet the standards for the due process requirements of personal jurisdiction.  Greystone has no office or agent in Minnesota, and is not registered with the Minnesota Secretary of State to do business in Minnesota.  However, Greystone has made at least one shipment of the allegedly infringing product into Minnesota, and it maintains a web site, sends representatives to national trade shows, and advertises in a national trade publication.

## ANALYSIS

### I. STANDARD OF REVIEW

In a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff and presumes all facts alleged in the complaint to be true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999).  The Court may dismiss a claim only where the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir. 2002).

### II. PERSONAL JURISDICTION

The Federal Circuit maintains exclusive jurisdiction over appeals from a district court when the district court's jurisdiction is based on claims arising under the patent laws of the United States.  *See 3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376-77 (Fed. Cir. 1998).  As the instant case is based on a patent infringement claim, Federal

Circuit law controls. Nevertheless, in determining whether the Court has personal jurisdiction over a nonresident defendant, the Court looks first to the forum state's long-arm statute and the Due Process Clause of the United States Constitution.[1] *Id.* Minnesota's long-arm statute, Minn. Stat. § 543.19, extends jurisdiction over nonresident defendants to the fullest degree allowed by the Due Process Clause. *See Guinness Import Co. v. Mark VII Distribs., Inc.*, 153 F.3d 607, 614 (8th Cir. 1998) (citing *Trident Enter. v. Kemp & George*, 502 N.W.2d 411, 414 (Minn. Ct. App. 1993)). Therefore, the only question here is whether due process permits the exercise of personal jurisdiction over Greystone.

To determine whether personal jurisdiction is proper under the Due Process Clause, the Federal Circuit employs a three-prong test. Under this analysis, the Court examines (1) whether the defendant purposefully directed its activities to residents of the forum state; (2) whether the claim arises out of or relates to those activities; and (3) whether the assertion of personal jurisdiction is reasonable and fair. *See 3D Sys.*, 160 F.3d at 1378 (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995)); *see also Multi-Tech Systems, Inc. v. VocalTec Communications, Inc.*, 122 F. Supp. 2d 1046, 1049 (D. Minn. 2000).

---

[1] As an initial matter, Caddy argues that Greystone's motion to dismiss is barred because Greystone failed to include the affirmative defense of lack of personal jurisdiction in its Answer. Although it may not have labeled "lack of personal jurisdiction" as an "affirmative defense" in its Answer, Greystone did object to Caddy's assertion of personal jurisdiction in its Answer. Moreover, Caddy does not claim to be surprised or prejudiced by Greystone's failure to label lack of personal jurisdiction an affirmative defense. Accordingly, the Court will analyze Greystone's motion to dismiss on the merits. *See Heidle v. Prospect Reef Resort, Ltd.*, 364 F. Supp. 2d 312, 313 n.2 (W.D.N.Y. 2005); *Rates Tech. Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1307-08 (Fed. Cir. 2005).

Greystone asserts that it lacks minimum contacts with Minnesota sufficient to support the exercise of personal jurisdiction. Greystone is not registered with the Minnesota Secretary of State to do business in Minnesota, and it has no office or agent in Minnesota. Caddy argues that Greystone has sufficient contacts with Minnesota to support the exercise of specific personal jurisdiction, which include Greystone's shipment of the allegedly infringing product into Minnesota, Greystone's web site, and Greystone's marketing efforts, such as attending a national trade show and advertising in a national trade publication.[2]

The general rule is that when a defendant infringer is shown to have sold the allegedly infringing product in the forum state, the forum may exercise personal jurisdiction over the defendant.[3] *See North Am. Philips Corp. v. American Vending Sales, Inc.*, 35 F.3d 1576, 1579 (Fed. Cir. 1994); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1570-71 (Fed. Cir. 1994); *Osteotech, Inc. v. GenSci Regeneration Sciences, Inc.*, 6 F. Supp. 2d 349, 354 (D.N.J. 1998) ("The law is clear that, where a defendant infringer is shown to have sold the allegedly infringing product in the

---

[2] Specific jurisdiction "requires a nexus between the defendant's contact with the forum state and the subject matter of [the] plaintiff's claims." *Paulucci v. William Morris Agency, Inc.*, 952 F. Supp. 1335, 1340 (D. Minn. 1997). "In contrast, 'general' jurisdiction 'refers to the power of the state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose,' when a nonresident defendant has continuous and systematic contacts with the forum state." *Id.* (quoting *Sondergard v. Miles, Inc.*, 985 F.2d 1389, 1392 (8th Cir. 1993)).

[3] Greystone argues that the Court should not consider its shipment to Minnesota because the shipment occurred after Caddy filed the complaint. This argument is foreclosed by the Federal Circuit's ruling in *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1563 (Fed. Cir. 1994) (holding that in cases involving a continuous tort, such as patent infringement, "it would be arbitrary to identify a single moment after which defendant's contacts with the forum necessarily become irrelevant to the issue of specific jurisdiction").

forum state, the forum may exercise personal jurisdiction over the defendant. . . . it is enough that GenSci Labs sold its product in New Jersey only once, because the product allegedly infringes Osteotech's '558 Patent, which is the subject matter of the instant litigation."); *Hupp v. Siroflex of Am., Inc.*, 848 F. Supp. 744 (S.D. Tex. 1994); *Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 872-73 (E.D. Mo. 2000). The rationale underlying this rule is not only that such a defendant clearly had a "fair warning" that it could be haled into court in the forum state but also that the forum in which an allegedly infringing product is sold clearly has an interest in prohibiting the importation of infringing articles into its territory. *Osteotech*, 6 F. Supp. 2d at 354.

Here, Greystone made at least one shipment of the allegedly infringing product to Minnesota. Greystone's invoice for this shipment notably lists a Minnesota address for the delivery address. By intentionally shipping the allegedly infringing product to Minnesota, Greystone purposefully directed activity towards Minnesota. In addition, the shipment of the allegedly infringing product directly relates to the underlying patent dispute in this case. Finally, Minnesota would have an interest in prohibiting the importation of infringing articles into its territory.

Accordingly, the Court holds that it has specific personal jurisdiction over Greystone.

### III. MOTION TO TRANSFER

Because the Court has determined that it has personal jurisdiction over Greystone, it considers Greystone's motion to transfer venue to the Western District of Michigan.

In a motion to transfer venue, the Court applies the law of the regional circuit to which appeal from this court would normally lie. *DB Indus., Inc. v. B & O Mfg., Inc.*, 2004 WL 1765337, *4 (D. Minn. Aug. 4, 2004) (citing *Regents of the Univ. of California v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997)). Under 28 U.S.C. § 1404(a), the Court examines three factors when deciding a motion to transfer: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *See Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). The party seeking the transfer bears the burden of showing that the balance of these factors "strongly favors" transfer. *Brockman v. Sun Valley Resorts, Inc.*, 923 F. Supp. 1176, 1179 (D. Minn. 1996). Ultimately, the decision whether to transfer a case is committed to the discretion of the district court. *Terra Int'l*, 119 F.3d at 691; *see also In re Carnegie Mellon Univ.*, 1995 WL 769024, at *2 (Fed. Cir. Dec. 18, 1995) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).[4]

### A. Convenience of Parties and Witnesses

The Court accords significant weight to the plaintiff's choice of forum. *See K-Tel Int'l., Inc. v. Tristar Prods., Inc.*, 169 F. Supp. 2d 1033, 1045 (D. Minn. 2001). The mere fact that the case is to be heard outside the defendant's home state cannot alone be an

---

[4] Some circuits also apply a "center of gravity" test in determining venue in patent infringement actions. This test, which provides a guideline for forum selection in patent infringement actions, considers "the location of a product's development, testing, research and production. Also relevant is the place where marketing and sales decisions are made, rather than where limited sales activity has occurred." *Osteotech*, 6 F. Supp. 2d at 357-58 (citing *Beverly Hills Fan*, 21 F.3d at 1558). However, courts of this Circuit do not typically apply the center of gravity test. *See DB Indus.*, 2004 WL 1765337, *4; *Radisson Hotels Int'l, Inc. v. Westin Hotel Co.*, 931 F. Supp. 638, 642 n.4 (D. Minn. 1996); *but see Biometics*, 112 F. Supp. 2d at 876.

adequate reason for a change of venue in a diversity action, since in such an action one of the parties will almost always have to litigate in a foreign state. *Hughes v. Wheeler*, 364 F.3d 920, 925 (8th Cir. 2004). In other words, transfer should be denied if the effect is simply to shift the inconvenience to the other party. *See Graff v. Qwest Communications Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (citation omitted); *Norval Indus., Inc. v. Superior Cox*, 515 F. Supp. 895, 899 (D. Minn. 1981).

In this case, Greystone is attempting to transfer this case to the district in which it maintains its principal place of business. Greystone has not provided a basis for such transfer other than to assert that it would be more convenient for it to litigate this matter there. Caddy's decision to file in Minnesota indicates that Caddy considers Minnesota a convenient forum. Documents and other evidence relevant to this matter are likely to be found in both Minnesota and Michigan. In light of the above, a transfer to Michigan would only serve to shift the inconvenience between the parties. Thus, this factor weighs in favor of maintaining this action in Minnesota.

With respect to the convenience of witnesses, each side asserts that potential witnesses reside in their respective preferred forum. Transferring venue from Minnesota to Michigan would simply shift inconvenience from Greystone's witnesses to Caddy's witnesses. The witness convenience factor does not support a transfer.

### B.   Interests of Justice

With respect to the interests of justice factor, Greystone argues that venue should be transferred to Michigan, because the "only real relationship Minnesota has to the

instant dispute is that it happens to be the forum in which the Plaintiff resides." To the contrary, Greystone shipped the allegedly infringing armrest into Minnesota, which is the subject matter of the instant case. Additionally, the fact that "it is to plaintiff's advantage to adjudicate the dispute in the [forum state] does not militate against its right to have access to that court." *Beverly Hills Fan*, 21 F.3d at 1568-69.

In light of Caddy's choice of forum and the fact that transferring the case from Minnesota to Michigan would, at best, simply shift the burden of party and witness inconvenience from Greystone to Caddy, the Court finds that Greystone has not met its burden of demonstrating that a transfer is warranted in this case. Therefore, the Court denies Greystone's alternative motion for transfer of venue.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's Motion to Dismiss and Alternative Motion to Transfer Venue [Docket No. 13] is **DENIED**.

DATED: November 29, 2005　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　United States District Judge