## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| CADDY PRODUCTS, INC., | Civil No. 05-301 (JRT/FLN) |
| Plaintiff, | |
| v. | |
| GREYSTONE INTERNATIONAL, INC., | **ORDER** |
| Defendant and Third-Party Plaintiff, | |
| v. | |
| VISTEON GLOBAL TECHNOLOGIES, INC., | |
| Third-Party Defendant. | |

Dyanna L. Street and Richard G. Jensen, **FABYANSKE, WESTRA, HART & THOMSON, P.A.,** 800 LaSalle Avenue, Suite 1900, Minneapolis, MN 55402, for plaintiff Caddy Products, Inc.

Allen W. Hinderaker, Anthony R. Zeuli, and Rebecca A. Bortolotti, **MERCHANT & GOULD PC**, 80 South Eighth Street, Suite 3200, Minneapolis, MN 55402, for defendant and third-party plaintiff Greystone International, Inc.

Martin R. Lueck and Thomas C. Mahlum, **ROBINS KAPLAN MILLER & CIRESI LLP**, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402, for third party-defendant Visteon Global Technologies, Inc.

Defendant Greystone International, Inc. ("Greystone") sought indemnification from third-party defendant Visteon Global Technologies, Inc. ("Visteon), pursuant to a

Purchase Agreement dated June 10, 2002. On August 17, 2006, this Court issued an Order dismissing with prejudice Greystone's claim for indemnification against Visteon. Greystone now requests leave to file a motion to reconsider that portion of the Order dismissing Greystone's indemnity claim. Specifically, Greystone disputes the Court's conclusion that its claim for indemnity was barred by a two-year limitations provision under the Purchase Agreement.

A motion to reconsider under Local Rule 7.1(g) is the "functional equivalent" of a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Requests to file such motions are granted "only upon a showing of compelling circumstances." D. Minn. LR 7.1(g). A motion to reconsider should not be employed "to relitigate old issues," but rather to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

The Court finds that Greystone has not shown the compelling circumstances necessary to support its request for reconsideration. This Court determined that the Purchase Agreement was clear and unambiguous, and concluded that the plain language of the Purchase Agreement barred Greystone's indemnification claim because it was not submitted until October 13, 2005, several months after the limitations period had ended.

Greystone now argues that its claim for indemnification is not barred by the two-year limitations provision because it sent Visteon a facsimile prior to the end of the two-year period. Specifically, Greystone asserts that the limitation period should not apply

because it provided written notice to Visteon of the commencement of an action by plaintiff Caddy Products.  *See* Purchase Agreement § 15.6.  Section 15.6 requires the indemnified party, here Greystone, to notify the indemnifying party, Visteon, of "the commencement of any action by a third party."  *Id.*  While "action" is not defined in the Purchase Agreement, "claim" is defined under § 1.1(b) as "any claim, demand, action, suit, or proceeding."  *See* Purchase Agreement § 1.1(b).  Greystone argues that it received a letter from plaintiff Caddy Products in 2004 in which Caddy Products indicated its belief that Greystone was infringing its patents.  According to Greystone, this letter constitutes notice of the commencement of an action by Caddy Products under the language of the Purchase Agreement.  However, the 2004 letter does not indicate that Caddy Products had commenced litigation or instituted any other kind of action or proceedings against Greystone at that time.  (*See* Affidavit of Gaylord Stanton Ex. A.)  Indeed, the letter appears to contemplate further discussions between the parties as to proper resolution of the patent claims, albeit under the looming specter of potential litigation.  (*See id.*)  Moreover, it is undisputed that Caddy Products had not commenced its lawsuit in this matter until after the expiration of the two-year period.

This Court declines to read "commencement of any action" to include a letter in which litigation is merely contemplated.  Instead, the Court construed the plain language of the Purchase Agreement, and of Section 15.1 in particular, as an unambiguous bar to Greystone's indemnification claim.  In short, Greystone has presented no new claims or issues constituting "compelling circumstances" under Local Rule 7(g).  The Court therefore denies Greystone's request to file a motion to reconsider.

- 4 -

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Greystone's request for leave to file a motion to reconsider [Docket No. 103] is **DENIED**.

DATED:   November 27, 2006        s/ John R. Tunheim       _
at Minneapolis, Minnesota.        JOHN R. TUNHEIM
                                                    United States District Judge